IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SUSAN MCCLELLAN,                )
                                )
            Plaintiff,          )   No. 6:12-cv-1736-TC
                                )
            v.                  )   FINDINGS & RECOMMENDATION
                                )
Commissioner of Social Security,)
                                )
            Defendant.          )

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits.

Plaintiff asserts disability beginning January 3, 2002, (Tr 131),[1] due to post-polio syndrome, obesity and right lower extremity injury with residual foot drop. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not

---

[1] At the hearing, plaintiff amended her alleged onset date to October 1, 2008 since she had engaged in substantial gainful activity "long after 2002." Tr. 92.

1 - FINDINGS & RECOMMENDATION

disabled.

Plaintiff contracted polio in 1953 and in 1956 developed a right foot cavovarus deformity. Plaintiff suffers from right foot drop and her right leg has been shorter than her left since 1956.

Plaintiff's medical history is sparse after 1969, but on September 1, 2010, examining physician Gary Ward "estimated" that plaintiff is limited to sedentary work of less than six hours per day with frequent rest breaks of 20-30 minutes 4-5 times per day. Tr. 303. The ALJ rejected Dr. Ward's opinion. Tr. 34.

Plaintiff contends the ALJ erred: (1) in failing to apply SSR 03-01p; (2) in rejecting Dr. Ward's opinion; and (3) impliedly, in finding plaintiff to lack credibility.

Under SSR 03-01p, once post-polio syndrome has been documented as a medically determinable impairment, the impact of any symptoms, such as fatigue and weakness, must be considered. The ALJ must make comprehensive a assessment of the cumulative and interactive effects of all the individual impairments including the effects of post-polio syndrome.

Here, although the ALJ did not expressly cite SSR 03-01p, the ALJ did assess plaintiff's impairments supported by the record including post-polio syndrom. Tr. 28-29. While plaintiff argues that the ALJ did not "link plaintiff's right foot drop with her post-polio syndrome," the ALJ did assess the cumulative impact of her impairments. The ALJ did not err in this regard.

2 - FINDINGS & RECOMMENDATION

Plaintiff argues that because Dr. Ward reviewed plaintiffs childhood polio records and measured plaintiff's leg discrepancy, the ALJ erred in relying on contrary medical opinion. The ALJ provided appropriate specific and legitimate reasons for rejecting the opinion of Dr. Ward in favor of the opinion of examining physician DeWayde Perry. Tr. 34. The ALJ found that Dr. Ward failed to provide much in the way of objective findings, primarily relied on plaintiff's subjective complaints and that his opinion was inconsistent with the objective medical record.

Where the record supports the ALJ in discounting the credibility of plaintiff, the ALJ may also appropriately reject medical opinion that relies on subjective complaints. See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989). The ALJ noted that plaintiff inconsistently estimated when her symptoms became disabling and even asserted disability beginning six years prior to the end of substantial gainful employment. Tr. 33. The ALJ pointed out that plaintiff's initial disability date coincided with quitting her job to relocate her family. The ALJ further noted that just prior to the amended on-set date, plaintiff provided inconsistent reasons for leaving her job including being laid-off because there was insufficient work or because she was missing too much work. Tr. 33, 54. Despite assertions of an inability to work at that time, plaintiff sought and received unemployment benefits holding her self out as able to work and actively seeking

3 - FINDINGS & RECOMMENDATION

employment. Tr. 54-55.

The ALJ also noted plaintiff's daily activities such as twice daily workouts swimming. Tr. 33, 70, 71, 82. In addition, the ALJ noted plaintiff's conservative treatment including only over the counter pain medications despite having been prescribed pain medications. Tr. 33, 62, 84. Plaintiff noted that despite having access to low cost health care, plaintiff "did not have a reason to go," because "all they want to do is medicate me" and she does not do well on medication. Tr. 53.

Plaintiff's testimony establishes inconsistencies regarding her alleged on-set date and inconsistencies with her allegations of disabling symptoms. The ALJ provided clear and convincing reasons for rejecting plaintiff's symptoms to the extent alleged and, therefore, did not err in finding her to lack credibility. See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may rely on conservative treatment for rejecting symptom testimony); Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ may rely on inconsistent statements regarding reason for leaving employment wavering from because of injury to being laid off). As such, the ALJ also appropriately disregarded the opinion of Dr. Ward. Accordingly, the ALJ did not err in finding plaintiff not disabled.

4 - FINDINGS & RECOMMENDATION

## CONCLUSION

For the reasons stated above, the decision of the Commissioner should be affirmed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 19 day of August, 2013.

THOMAS M. COFFIN
United States Magistrate Judge

5 - FINDINGS & RECOMMENDATION